IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE DARRIES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-3333 |
| | § | |
| R.P. CORNELIUS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

On August 30, 2019, Willie Darries filed this civil rights action under 42 U.S.C. § 1983. (Docket Entry No. 1). The defendant, R.P. Cornelius, moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on October 8, 2019. (Docket Entry No. 9). Mr. Darries responded on November 6, 2019, and on December 19, 2019, the court held oral argument. (Docket Entry Nos. 11, 15). As stated on the record at the hearing, after carefully reviewing the complaint, the motion, the record, and the applicable law, the court grants the motion to dismiss. The court also denies Mr. Darries's request for a transcript of the December 19 hearing, (Docket Entry No. 16). The reasons are explained below.

**I.     Background**

Mr. Darries sued Mr. Cornelius, his former defense attorney, for violating his Eighth and Fourteenth Amendment rights in September 2013 by fraudulently "plead[ing] him guilty" in Harris County criminal court. (Docket Entry No. 1-2 at 1). Mr. Darries was convicted of attempting to deliver a controlled substance. (*Id.*). Mr. Darries alleges in this case that the Harris County judge exceeded his authority by accepting Mr. Darries's guilty plea without reviewing records from a psychiatric review ordered by another judge. (*Id.* at 1–3). Mr. Darries alleges that Mr. Cornelius

fraudulently told the court that Mr. Darries was competent because Mr. Cornelius had a "personal vendetta" against him. (*Id.* at 2–4). Mr. Darries asks this court to enter an order to prevent Mr. Cornelius from practicing law in any state and to award Mr. Darries $10 million in punitive damages for pain and suffering. (Docket Entry No. 1 at 11).

The complaint includes an April 2014 affidavit by Mr. Cornelius as an attachment. (Docket Entry No. 1-1). Mr. Cornelius stated that he had represented Mr. Darries in multiple criminal cases and that a court had ordered him to prepare the affidavit to address "an allegation of ineffective assistance of counsel." (*Id.* at 1). Mr. Cornelius wrote that he "never felt [Mr. Darries] was incompetent," emphasizing that Mr. Darries "was competent enough to file grievances; threaten to file internal affairs complaints against [Harris County police] officers; and plea bargain his cases with a clear understanding of punishment levels and the differences between 1st, 2nd, and 3rd degree felonies, as well as state jail felonies and misdemeanors . . . . He was a very skillful negotiator." (*Id.* at 2).

Mr. Cornelius moved to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 9). He argues that the § 1983 claim fails because Mr. Darries: did not and cannot allege that Mr. Cornelius acted under color of state law; asserted a "claim of legal malpractice [that] is not cognizable under § 1983"; did not contend "that he is actually innocent of the charges to which he pled guilty"; and filed the lawsuit after the period for filing had ended. (*Id.* at 1–6).

Mr. Darries replies that Mr. Cornelius acted under color of state law for the purpose of § 1983 because he represented Mr. Darries through Harris County's indigent defender program. (Docket Entry No. 11 at 3–4). Mr. Darries also contends that "there is no time limitation" on his

insanity defense, which should have prevented the Harris County court from accepting his guilty plea in 2013. (Docket Entry No. 11 at 2).

## II. The Legal Standard for Granting a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558). A court may dismiss an action under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is [time-]barred and the pleadings fail to raise some basis for tolling or the like." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

3

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## III.     Analysis

This case is dismissed on two grounds. First, under § 1983, Mr. Cornelius is not a state actor. The Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *accord Davis v. Whyce*, 763 F. App'x 348, 349 (5th Cir. 2019).

Second, Mr. Darries's deadline to file his complaint was in 2015, two years after the claim arose in 2013 when Mr. Darries was convicted. *See Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) and TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)) ("[F]ederal courts look to [the forum] state's statute of limitations for personal-injury torts to decide when § 1983 claims toll . . . . 'In Texas, the applicable limitations period is two years [after the cause of action occurs].'"). This lawsuit was filed approximately four years after the 2015 deadline. (Docket Entry No. 1). Mr. Darries was aware of the factual basis for his claim in 2013, precluding this suit.

Mr. Darries's request for a transcript of the December 19 hearing is denied because he did not explain why the transcript is necessary for his appeal. *See* (Docket Entry No. 16); *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) ("In order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for

4

proper disposition of his appeal."); *accord United States v. Fisher*, 372 F. App'x 534, 535 (5th Cir. 2010).

**IV.     Conclusion**

The motion to dismiss, (Docket Entry No. 9), is granted.  Because it is evident on the face of the complaint that Mr. Darries filed his lawsuit outside the limitations period, the case is dismissed with prejudice.  Mr. Darries's request for a transcript of the December 19 hearing, (Docket Entry No. 16), is denied.

SIGNED on January 3, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge