United States District Court
Southern District of Texas
**ENTERED**
September 25, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILLIE DARRIES, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-19-3333 |
| v. | § | |
| | § | |
| R. P. CORNELIUS, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM AND ORDER**

Willie Darries, representing himself, sued R. P. Cornelius, the public defender who represented him in his state criminal case, alleging constitutional violations. (Docket Entry No. 1). In January 2020, this court dismissed the case with prejudice. (Docket Entry No. 19).  Mr. Darries appealed, and the Fifth Circuit affirmed this court's decision in May 2023. (Docket Entry No. 51). Mr. Darries then moved to require the judge to recuse, and Mr. Cornelius responded.  (Docket Entry Nos. 52, 53).

The recusal standard is an objective one: a party seeking recusal must show that a "reasonable and objective person, knowing all the facts, would *harbor doubts* concerning the judge's impartiality." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003) (quoting *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997)). The issue is "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person" in determining whether recusal is warranted. *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995).  Specific circumstances are laid out by statute. *See* 28 U.S.C. § 455. Mr. Darries's motion does not cite a statutory provision or use statutory language.  His motion appears

to be brought under either subsection (a), which disqualifies judges "in any proceeding in which [their] impartiality might reasonably be questioned[,]" or (b)(1), which disqualifies a judge who "has a personal bias or prejudice concerning a party." *Id.*

There is no reasonable basis to question this judge's impartiality in this case or to believe this judge has a personal bias or prejudice about Mr. Darries.  Mr. Darries claims that this court said he "must be competent" and argues that this shows "this Judge was prejudiced towards Mr. Darries, the only interest that this Judge had was interet [sic] of The Law Firm." (Docket Entry No. 52 at 2).  But as Mr. Darries's own exhibit shows, this court merely asked opposing counsel whether Mr. Darries had been found competent at the time of his plea. (Docket Entry No. 52-2). This is not evidence of prejudice.  The decision to dismiss Mr. Darries's case was based on the statute of limitations and was affirmed by the Fifth Circuit. (Docket Entry No. 51).

Finally, Mr. Darries has no pending case before this court.  Mr. Darries's claims were dismissed with prejudice, a decision that was affirmed on appeal.  No relief is available to Mr. Darries for these claims.  Because no grounds exist that require recusal, and this case is closed, the motion for recusal is denied.

SIGNED on September 25, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge